IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| UNITED STATES OF AMERICA | No. 5-18CR0120-C |
|---|---|
| v. | |
| ISAIAH ALEXANDER ALLEN | |

## INDICTMENT

The Grand Jury Charges:

### Count One
### Cyber Stalking
### (Violation of 18 U.S.C. § 2261A(2))

From in or about September 2017, through on or about the date of this indictment, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Isaiah Alexander Allen**, defendant, with the intent to injure, harass, and intimidate B.K., a person in another state, namely, interactive computer service, electronic communication service, electronic communication system of interstate commerce, and California, used a facility of interstate and foreign commerce, that is, the Internet, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to B.K., and placed B.K. in reasonable fear of death or serious bodily injury.

In violation of Title 18, United States Code, Section 2261A(2).

**Isaiah Alexander Allen**
**Indictment - Page 1**

## Count Two
### Interstate Threats
(Violation of 18 U.S.C. § 875(c))

On or about September 15, 2017, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Isaiah Alexander Allen**, defendant, knowingly and willfully did transmit in interstate and foreign commerce from the State of Texas to the State of California, a communication via the internet to B.K., a person whose identity is known to the Grand Jury, said communication containing a threat to injure B.K., specifically, the defendant threatened to rape and kill B.K., among other acts.

In violation of Title 18, United States Code, Section 875(c).

<u>Forfeiture Notice</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction of the offense alleged in Count Two of this Indictment, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant **Isaiah Alexander Allen** shall forfeit to the United States of America any property, real or person, which constitutes or is derived from proceeds traceable to the violation.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2461(C), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
RUSSELL H. LORFING
Assistant United States Attorney
Washington, D.C. Bar No. 1019573
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7351
Facsimile:   806-472-7394
E-mail:      russell.lorfing@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

THE UNITED STATES OF AMERICA

v.

ISAIAH ALEXANDER ALLEN

INDICTMENT

COUNT 1:   CYBERSTALKING
           Title 18, United States Code, Section 2261A(2)

COUNT 2:   INTERSTATE THREATS
           Title 18, United States Code, Section 875(c)

(Two counts and forfeiture notice)

A true bill rendered.

Lubbock _____ Foreperson

Filed in open court this 14th day of November, A.D. 2018

_____ Clerk

WARRANT TO ISSUE AS TO DEFENDANT.

_____
UNITED STATES MAGISTRATE JUDGE

Isaiah Alexander Allen
Indictment - Page 5